# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv32

| | |
|---|---|
| **BARBARA EWA MADER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **JEFFREY DEAN MARTIN,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Strike [# 30]. Defendant moves the Court to strike unspecified paragraphs of the Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Court **DENIES** the motion [# 30].

## I. Background

Plaintiff filed her Complaint on February 5, 2013, asserting claims pursuant to Section 213A of the Immigration and Naturalization Act. Eight days later, Plaintiff filed an Amended Complaint, which rendered the original Complaint void of any legal function in the case. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). Defendant, however, proceeded to file an Answer to the Complaint and Counterclaims on March 22, 2013, apparently unaware of the filing

of the Amended Complaint.  Subsequently, on April 19, 2013, Defendant filed an Answer to the Amended Complaint and asserted a Counterclaim against Plaintiff.  Nearly two months after filing his Answer to the Amended Complaint and four month after Plaintiff filed her Amended Complaint, Defendant filed a Motion to Strike pursuant to Rule 12(f).  The motion contained one paragraph and requested that the Court strike unspecified portions of the Complaint.   Because the motion failed to comply with the Court's Local Rules, the Court denied the motion without prejudice.  (Order, June 20, 2013.)  Nearly a month later, Defendant filed a second Motion to Strike.  This motion contained a supporting memorandum of law spanning approximately one and a half pages.  Again, Defendant failed to actually specify in the motion which paragraphs of the Amended Complaint the Court should strike or to develop a legal argument much beyond a cursory request for the Court to strike the "irrelevant, immaterial, impertinent and scandalous" portions of the Amended Complaint.

**II.  Analysis**

Rule 12(f) provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Court may act on its own in striking such matters or "on motion made by a party either before responding to the pleading or, if a response is not allowed,

within 21 days after being served with the pleadings." Fed. R. Civ. P. 12(f)(2). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic. " Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

As a threshold matter, Defendant's motion is untimely because he filed the motion to strike portions of the Amended Complaint well after filing his Answer to the Amended Complaint. Fed R. Civ. P. 12(f)(2); Massey v. Ojaniit, Civil Action No. 3:11-CV-477-RFJ-DCK, 2012 WL 2992129 (W.D.N.C. Jul 20, 2012) (Keesler, Mag. J.); 5A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, Federal Practice and Procedure § 1380 (2d ed. 1990). If Defendant wanted to move to strike portions of the Amended Complaint, he should have filed a motion to strike pursuant to Rule 12(f) prior to filing his answer. Fed. R. Civ. P. 12(f). Accordingly, Defendant's motion is untimely, and the Court **DENIES** the motion [# 30].

Rule 12(f), however, also allows the Court to consider striking materials from pleadings on its own at any time. Fed. R. Civ. P. 12(f)(1). Upon a review of the record, the Defendant's motion, and the relevant legal authority, the Court declines to strike any portion of the Amended Complaint on its own. Defendant's

legal memorandum, which spans no more than a page and half, fails to articulate more than a cursory argument for why the Court should strike portions of the Amended Complaint.  The brief also fails to specific precisely which portions of the Amended Complaint the Court should strike and fails to set forth argument as to why the specific portions of the Amended Complaint should be stricken from the record.  The legal memorandum filed by Defendant is insufficient to demonstrate to the Court that striking any portion of the Amended Complaint pursuant to Rule 12(f) is necessary in this case.

Finally, the Court has reviewed the Amended Complaint at length and cannot say that the allegations are so redundant, immaterial, impertinent, or scandalous that they should be stricken from the record by the Court on its own accord at such an early stage of the proceedings.   This Court is not in a position at this time to say whether the factual allegations of alleged abuse contained in the Amended Complaint are true or whether they are entirely immaterial to the legal issues before the Court.

### III.  Conclusion

The Court **DENIES** the Motion to Strike [# 30].

Signed: July 29, 2013

Dennis L. Howell
United States Magistrate Judge