# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv32

| | |
|---|---|
| BARBARA EWA MADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JEFFREY DEAN MARTIN, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Compel [# 33] filed by Defendant and the Motion to Dismiss Motion to Compel [# 41] filed by Plaintiff. Defendant moves to compel Plaintiff to produce additional documents in response to three of his discovery requests. Plaintiff requests that the Court dismiss the Motion to Compel.

Both parties in this case have demonstrated a failure to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure. Defendant filed his Motion to Compel on July 26, 2013. The motion, however, fails to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure, which requires the moving party to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

-1-

disclosure or discovery in an effort to obtain it without court action." This requirement is independent from the requirement of consultation in Local Rule 7.1(B) that would not apply to this case because Defendant is represented by counsel and Plaintiff is preceding *pro se*. Moreover, Defendant failed to file a brief "contemporaneously with the motion. . . ." LCvR 7.1(C). Instead, Defendant filed a short legal brief several days later. Not only was the brief filed several days after the motion but the brief fails to cite any relevant legal authority – discovery in federal cases is governed by the federal rules of civil procedure and the federal cases interpreting those rules, not state law – and fails to articulate an argument as to how the requested documents are relevant to this dispute. See Hanna v. Plumer, 380 U.S. 460, 465, 85 S. Ct. 1136 (1965) (explaining the long settled principle that federal courts sitting in diversity apply state substantive law and federal procedural law).[1] Finally, the brief fails to articulate what documents were produced by Plaintiff and what responsive documents Defendant believes are still in Plaintiff's custody or control. Accordingly, the Court **DENIES without prejudice** the Motion to Compel. [# 33].

In response to the Motion to Compel, Plaintiff filed a Motion to Dismiss [# 41], a separate response in opposition to the Motion to Compel, and several

---

[1] In addition, many of the North Carolina Court of Appeals decisions cited by Defendant in his brief do not stand for the proposition for which they are cited.

amended motions and amended memorandums.  The Court **DENIES as moot** the Motion to Dismiss [# 41] and Motion for Extension of Time to file Protective Order [# 50].  In addition, the Court **DIRECTS** Plaintiff as follows:

(1) Just as Defendant must file a motion and supporting legal brief contemporaneously with the motion, Plaintiff shall be required to do the same.

(2) In response to a motion filed by Defendant, the Court will allow Plaintiff <u>one</u> response.  Plaintiff may not file a response and then subsequently file numerous amendments to the document.  In addition, Plaintiff may not move to dismiss the Defendant's motion.  Such motions are improper, and the numerous filings by Plaintiff serve to disrupt the resolution of this matter and unnecessarily complicate both this case and the docket.  Going forward Plaintiff should spend the necessary time to prepare one document in response to any future motions filed by Defendant and file such document with the Court.

(3) The Court **DIRECTS** Plaintiff to confer by telephone with counsel for Defendant within fourteen (14) days of the entry of this Order regarding any discovery issues and attempt to resolve these issues

without Court intervention.

Finally, the Court **DIRECTS** both parties to refer to the Federal Rules of Civil Procedure and the Court's Local Rules prior to filing motions or pleadings in the future. Going forward, the Court will consider striking any improper motions or pleadings rather than denying the motions without prejudice.

Signed: August 29, 2013

Dennis L. Howell
United States Magistrate Judge